SUMMARY ORDER

Yan Zhen Chen, a native and citizen of the People’s Republic of China, seeks review of an October 31, 2007 order of the BIA affirming the January 6, 2006 decision of Immigration Judge (“IJ”) George T. Chew denying her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Yan Zhen Chen, a.k.a. Hua Lin, No. A95 687 901 (B.I.A. Oct. 31, 2007), aff'g No. A95 687 901 (Immigr. Ct. N.Y. City Jan. 6, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA agrees with the IJ’s decision and supplements that decision, we review the IJ’s decision as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed de novo. Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
In addressing Chen’s argument that she had established her membership in a particular social group, the BIA stated only that she “failed to meet her burden of proof.” It is not apparent from this eurso- *116 ry statement what reasoning, if any, the BIA relied upon in reaching its conclusion. See Beskovic v. Gonzales, 467 F.3d 223, 227 (2d Cir.2006) (the Court requires a certain minimal level of analysis from agency decisions denying asylum, and indeed must require such if judicial review is to be meaningful); See Ucelo-Gomez v. Gonzales, 464 F.3d 163, 170 (2d Cir.2006) (per curiam) (requiring the agency to make a particular social group determination with “sufficient clarity”). The BIA’s rejection of Chen’s argument provides no indication that the agency applied the standards articulated in its own case law when it determined that “over-birth” children in China do not constitute a particular social group under the asylum statute. See Matter of A-M-E & J-G-U-, 24 I. & N. Dec. 69, 74-76 (B.I.A.2007); Matter of Acosta, 19 I. & N. Dec. 211, 233 (B.I.A.1985), overruled in part on other grounds by Matter of Mogharrabi, 19 I. & N. Dec. 439 (B.I.A.1987).
Because the BIA has not yet given adequate consideration to Chen’s social group claim, we remand to the agency. See Gonzales v. Thomas, 547 U.S. 183, 186, 126 S.Ct. 1613, 164 L.Ed.2d 358 (2006)(stating that remand is required where the BIA has not yet considered whether a proposed group qualifies as a particular social group under 8 U.S.C. § 1101(a)(42)(A)). While we express no opinion as to the merits of Chen’s social group claim, the agency must address that claim with sufficient clarity so that we may evaluate its determination in the event that Chen again seeks review in this Court. See Ucelo-Gomez, 464 F.3d at 170,. If the BIA determines on remand that Chen’s claim fails, it should explain why “over-birth children” do not constitute a “social group,” or why the hardships Chen alleges she faced had no nexus to or were not motivated at least in part by her membership in that group. Because Chen failed to raise any arguments concerning her CAT claim either to the BIA or in this Court, we deem that claim abandoned. See Gui Yin Liu v. INS, 508 F.3d 716, 723 n. 6 (2d Cir.2007).
For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA is VACATED, and the case is REMANDED for further proceedings consistent with this order. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).